UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 03-21072-CIV-JORDAN

JERRY FRANK TOWNSEND,

      Plaintiff,

v.

CITY OF MIAMI, a municipality;
JAMES E. BOONE and BRUCE CHARLES
ROBERSON, individually, as former police
officers for the CITY OF MIAMI;
HOWARD V. GARY, individually, as a former
City Manager for the CITY OF MIAMI;
CESAR H. ODIO, individually, as a former
City Manager for the CITY OF MIAMI;
DONALD WARSHAW, individually, as a former
City Manager for the CITY OF MIAMI,

      Defendants.

_____/

NIGHT BOX
FILED

JUL 23 2003

CLARENCE MADDOX
CLERK, USDC / SDF. MIA

## PLAINTIFF'S UNOPPOSED MOTION FOR LEAVE TO FILE AMENDED COMPLAINT AND MEMORANDUM OF LAW IN SUPPORT THEREOF

The Plaintiff, JERRY FRANK TOWNSEND, through undersigned counsel, hereby files his Unopposed Motion for Leave to File Amended Complaint and Memorandum of Law in Support thereof, seeking leave of this Court, pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, to file the attached Amended Complaint (minus exhibits), and states:

    1.    The Amended Complaint is sought on the grounds that investigation has clearly demonstrated that certain additional

allegations must be pled for justice to be met.

2.    Plaintiff has not requested prior leave to file an amended complaint in this matter.

3.    A copy of the proposed Amended Complaint is attached hereto as Exhibit A, minus exhibits.  The Plaintiff would adopt and incorporate by reference to his Amended Complaint, Exhibits A through I attached to Plaintiff's initial complaint filed April 29, 2003.

4.    Undersigned counsel has spoken with Warren Bittner, Esq., counsel for Defendants CITY OF MIAMI, GARY, ODIO, WARSHAW, and ARRIOLA, and Oscar Marrero, Esq., counsel for Defendants BOONE and ROBERSON, who have authorized the undersigned to represent that they have no objection to the filing of this motion.

### MEMORANDUM OF LAW

No amendment to the Complaint has been previously filed in the instant case.  "If the underlying facts or circumstances relied upon by Plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claims on the merits."  Foman v. Davis, 371 U.S. 179, 182 (1962).  Leave to amend should be freely given where the amendment does not prejudice the Defendants and the amendment will not necessitate the introduction of large amounts of new evidence.  Id.; Zenith

Radio Corp. v. Hazeltime Research Corp., 401 U.S. 321 (1971).

There will be neither prejudice to the Defendants nor large amounts of new evidence resulting from an amendment to the complaint.

**WHEREFORE** the Plaintiff respectfully requests that this Honorable Court grant his Motion for Leave to Amend his initial Complaint.

**WE HEREBY CERTIFY** that a correct copy of the foregoing and referenced attachment were furnished via U.S. Mail to: Warren Bittner, Esq., Assistant City Attorney, 444 SW 2nd Avenue, Suite 945, Miami, FL 33130-1910 and Oscar E. Marrero, Esq., 334 Minorca Avenue, Coral Gables, FL 33134 this 22nd day of July, 2003.

HEYER & ASSOCIATES, P.A.
Attorneys for Plaintiff
1311 SE 4th Avenue
Fort Lauderdale, FL 33316
(954) 522-4922 /(561) 833-1068
Fax: (954) 522-4955

BY: _____
BARBARA A. HEYER
BAR NO. 346691

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 03-21072-CIV-JORDAN

JERRY FRANK TOWNSEND,

Plaintiff,

v.

CITY OF MIAMI, a municipality;
JAMES E. BOONE and BRUCE CHARLES
ROBERSON, individually, as former police
officers for the CITY OF MIAMI;
HOWARD V. GARY, individually, as a former
City Manager for the CITY OF MIAMI;
CESAR H. ODIO, individually, as a former
City Manager for the CITY OF MIAMI and
DONALD WARSHAW, individually, as a former
City Manager for the CITY OF MIAMI,

Defendants.

_____/

## AMENDED COMPLAINT

Plaintiff, JERRY FRANK TOWNSEND, sues Defendants, jointly and severally, and alleges:

### JURISDICTION

1.     This is an action for damages arising out of one or more violations of State and Federal laws detailed below.

2.     This action is brought pursuant to 42 U.S.C. §§1983, 1988, 18 U.S.C. §§1961, 1962, and the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution, and the tort law of Florida.  Jurisdiction is founded on 28 U.S.C. §§ 1331, 1343, 42 U.S.C. §1988, the

PLAINTIFF'S
EXHIBIT

A

constitutional provisions mentioned above, and under the tort law of Florida.

3.    In connection with the acts, practices and violations alleged below, the Defendants have each, either directly or indirectly, violated the Plaintiff's constitutional rights.

4.    This action is also instituted pursuant to 18 U.S.C. §1964 Civil Remedies, paragraph (c).

5.    All conditions precedent under Florida law for the filing of this lawsuit have been satisfied. (Exhibit A).

6.    The Plaintiff seeks an award of damages for permanent, physical, mental and emotional injuries, loss of earning capacity, loss of enjoyment of life, punitive damages, court costs and attorney fees.


## PARTIES

7.    The Plaintiff JERRY FRANK TOWNSEND, at all times material hereto, has been a United States citizen.

8.    Defendant CITY OF MIAMI is a municipality located in Miami-Dade County, Florida and is responsible, through its officers, employees, servants, and agents, for enforcing the regulations of the Defendant CITY OF MIAMI and for ensuring that its officers, employees, servants, and agents obey the laws of the State of Florida and the United States.

9.    Defendant JAMES E. BOONE, at all times material to this

2

complaint, was a duly appointed police officer with the City of
Miami Police Department, acting under color of law, to wit, under
color of the statutes, ordinances, regulations, policies, customs
and usages of the State of Florida and/or Dade County.  Defendant
BOONE is being sued in his individual capacity.

10.  Defendant BRUCE CHARLES ROBERSON, at all times relevant
to this complaint, was a duly appointed and acting police officer
of the City of Miami Police Department, acting under color of
law, to wit, under color of the statutes, ordinances,
regulations, policies, customs and usages of the State of Florida
and/or Dade County.  Defendant ROBERSON is being sued in his
individual capacity.

11.  Defendant HOWARD V. GARY was the City Manager for
Defendant CITY OF MIAMI from 1981 through 1984.  During his
tenure as city manager, said Defendant was responsible for all
City departments and the conduct of all employees, including the
City of Miami Police Department, all of its officers and the
Chief of Police.  It was his duty to ensure that his employees,
department heads, servants, agents and officers obey the laws of
the State of Florida and the United States.  Defendant is being
sued in his individual capacity.

12.  Defendant CESAR H. ODIO was the City Manager for
Defendant CITY OF MIAMI from 1985 through 1996.  During his
tenure as city manager, said Defendant was responsible for all

3

City departments and the conduct of all employees, including the City of Miami Police Department, all of its officers and the Chief of Police.  It was his duty to ensure that his employees, department heads, servants, agents and officers obey the laws of the State of Florida and the United States.  Defendant is being sued in his individual capacity.

13. Defendant DONALD WARSHAW was the City Manager for the Defendant CITY OF MIAMI from October 20, 1998 until April 27, 2000. During his tenure as city manager, said Defendant was responsible for all City departments and the conduct of all employees, including the City of Miami Police Department, all of its officers and the Chief of Police.  It was his duty to ensure that his employees, department heads, servants, agents and officers obey the laws of the State of Florida and the United States.  Defendant is being sued in his individual capacity.

14. Defendants BOONE and ROBERSON violated the Plaintiff JERRY FRANK TOWNSEND's constitutional rights under the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution.  It is further alleged that these violations were committed as a result of the deliberate indifference, and the policies and customs of Defendant CITY OF MIAMI.

15. Defendants BOONE, ROBERSON, GARY, ODIO, WARSHAW, and Anthony Fantigrassi and Mark Schlein, deputy sheriffs of the

4

Broward County Sheriff's Office, are each persons under 18 U.S.C. §1961(3).

16.   The City of Miami Police Department is an enterprise within the meaning of 18 U.S.C. §1961(4).  The activities of said enterprise affects interstate commerce.

17.   The relationship between Defendants BOONE, ROBERSON, GARY, ODIO, and WARSHAW constitutes an enterprise under 18 U.S.C. §1961(4).

18.   Defendants BOONE, ROBERSON, GARY, ODIO, and WARSHAW have engaged in a pattern of conspiracy and racketeering activities in violation of 18 U.S.C. §1962, et. seq.

19.   The relationship between Defendants BOONE, ROBERSON, GARY, and Anthony Fantigrassi and Mark Schlein, deputy sheriffs with the Broward County Sheriff's Office, constitutes an association-in-fact enterprise under 18 U.S.C. §1961(4).

20.   At all times material hereto, and in all of their acts described herein, Defendants were acting under color of State law and color of their authority as public officials and public employees.

## ALLEGATIONS OF FACT

### A.   THE INNOCENT MAN

21.   On September 5, 1979, Defendant ROBERSON arrested the Plaintiff JERRY FRANK TOWNSEND for the alleged sexual battery of Pilbyian Beckford.

22.   At the time of the arrest, Defendant BOONE, Roberson's partner, was investigating the murder of Wanda Virga, whose body was found in Dade County, Florida.

23.   The Plaintiff had been arrested in the general area where the Virga homicide had taken place.  It was also the area where the Plaintiff lived and worked.

24.   At the time of his arrest, the Plaintiff was a 27 year old African American, who had the mental capacity of a seven or eight year old child, as well as a severe speech impediment.

25.   Due to his obvious and easily discernable disabilities, the Plaintiff could be easily led and manipulated.  Much like a seven or eight year old child, the Plaintiff sought acceptance and approval from the adults with whom he came in contact.

26.   While on route to the City of Miami Police Department with the Plaintiff, Defendant ROBERSON contacted Defendant BOONE to arrange the interrogation of the Plaintiff for the Virga homicide.  Defendants ROBERSON and/or BOONE also contacted Deputy Sheriffs Fantigrassi and Schlein to arrange further interrogation

6

of the Plaintiff for a number of crimes that had taken place in Broward County, Florida.

27.     Thereafter, the Plaintiff underwent a four days of aggressive and coercive interrogation by Defendants BOONE and ROBERSON and Deputy sheriffs Fantigrassi and Schlein, at the end of which he had implicated himself in several homicides in Fort Lauderdale, Miami, Tampa and San Francisco, California. (Exhibit B).

28.     Defendants BOONE and ROBERSON, and Deputy Sheriffs Fantigrassi and Schlein, were aware that the interrogation of the Plaintiff was coercive, improper and unconstitutional.

29.     At all material times, Defendants BOONE and ROBERSON and Deputy Sheriffs Fantigrassi and Schlein intentionally and improperly conducted the interrogation of the Plaintiff, stopping and starting the audio cassette tapes for the purpose of coaching the Plaintiff and either purging the tapes of exculpatory evidence or not allowing exculpatory evidence to be tape recorded.

30.     At all material times, Defendants BOONE and ROBERSON and Deputy Sheriffs Fantigrassi and Schlein, while the audio cassette tapes were turned off, took the Plaintiff to various crime scenes, showed him pictures of said crime scenes and provided him with information concerning said crimes in order to assist him in the story they wished him to tell on tape.

7

31.   At all material times, the interrogation tactics engaged in by Defendants BOONE and ROBERSON and Deputy Sheriffs Fantigrassi and Schlein were in violation of state and federal law, as well as against accepted police practices within the United States.

32.   Based upon the coerced statements taken by Defendants BOONE and ROBERSON and Deputy Sheriffs Fantigrassi and Schlein, as well as false statements given by said Defendants and Deputy Sheriffs within the criminal courts to the prosecutors, Plaintiff's counsel, and the public, the Plaintiff was charged by indictment with the rape murders of Ernestine German, Cathy Moore, Terry Cummings, Sonja Marion, Naomi Gamble, Thelma Jean Bell, and Barbara Ann Brown in Broward County, Florida, and with the murders of Wanda Virga and Dorothy Gibson and the rape of Pilbyian Beckford in Miami-Dade County, Florida.

33.   Prior to, during and after the criminal trial of the Plaintiff, Defendants BOONE and ROBERSON and Deputy Sheriffs Fantigrassi and Schlein, provided additional false statements to the criminal courts, the prosecutors, Plaintiff's criminal defense counsel and the public concerning other murders, i. e., Wanda Virga and Dorothy Gibson in Miami, Cathy Moore, Ernestine German, Terry Jean Cummings, Naomi Gamble, Thelma Jean Bell and Sonja Marion in Broward County, which they stated had been committed by the Plaintiff.

8

34.   From September 6, 1979 through to September 10, 1979 Defendants BOONE and ROBERSON engaged in and/or joined in a conspiracy with Deputy Sheriffs Anthony Fantigrassi and Mark Schlein of the Broward Sheriff's Office, to coerce, by intimidation and deception, the Plaintiff JERRY FRANK TOWNSEND, a mentally retarded man, into making self-incriminating statements to crimes they knew or should have known he did not commit.

35.   Defendants BOONE and ROBERSON, in concert with Deputy Sheriffs Fantigrassi and Schlein, engaged in the following misconduct:

a) Took the mentally challenged Plaintiff to various crime scenes and then coached him with information, photographs and detailed facts of the crimes in order to fabricate evidence by making and presenting a tape recorded document to a criminal proceeding, knowing it to be false and misleading.

b) Tampered with the evidence by altering said audio tape for the purpose of creating a false and incomplete record.

c) Withholding and/or concealing other evidence from the criminal courts, the prosecutors, Plaintiff's criminal defense counsel and the public that would have negated the fabricated evidence created by said Defendants.

d) Intentionally and/or incompetently failing to investigate or consider other evidence which would have negated the fabricated evidence created by said Defendants.

9

36.   Defendants CITY OF MIAMI, GARY, BOONE, and ROBERSON
knew or should have known, based upon their investigations and
those of other law enforcement agencies, that the Plaintiff was
not the perpetrator of the crimes in Broward County for which
they had materially assisted and directly participated in the
charging and conviction of the Plaintiff, particularly in light
of the fact that the rapes and rape murders continued after
Plaintiff's arrest and before and after his criminal trial.

37.   Additionally, Defendants CITY OF MIAMI, GARY, BOONE
and ROBERSON knew or should have known, based on their
investigations and those of other law enforcement agencies, that
the Virga and Gibson murders had been committed by other persons.
Additionally, said Defendants knew or should have known, based
upon their investigations, that no meaningful evidence existed
which pointed to the Plaintiff as being the perpetrator of the
alleged rape of Pilbyian Beckford.   In fact, said Defendants knew
or should have known from the many inconsistencies in Plaintiff's
coerced, false confessions, as well as exculpatory physical
evidence, that he was innocent of these crimes.

38.   In furtherance of this conspiracy to fabricate
evidence, Defendants BOONE and ROBERSON, as well as Deputy
Sheriffs Fantigrassi and Schlein, repeatedly made false material
statements under oath in official proceedings that related to the
prosecution of the Plaintiff for a capital felony.

10

39.   Federal and state law, as well as accepted police practices at the time of the Plaintiff's arrest, at the time of trial and post trial, provided "fair warning" to Defendants CITY OF MIAMI, GARY, BOONE, ROBERSON, and Deputy Sheriffs Fantigrassi and Schlein that their conduct was improper, incompetent, illegal and in violation of the Plaintiff's constitutional and state rights.

40.   Defendants BOONE and ROBERSON and Deputy Sheriffs Fantigrassi and Schlein are guilty of such intentional, malicious and/or incompetent conduct that they can not be clothed with the defense of qualified immunity which protects all but the plainly incompetent or those who knowingly violate the law.

41.   Defendants GARY, BOONE, ROBERSON, and Deputy Sheriffs Fantigrassi and Schlein conspired to convict the Plaintiff of crimes that they knew or should have known were committed by other persons.  In securing a conviction against the Plaintiff for crimes committed by others, Defendants obtained both financial and promotional benefits which they would not have obtained had they properly investigated the unsolved murders of Virga and Gibson and the alleged rape of Beckford.

42.   Defendants BOONE and ROBERSON had no probable cause to arrest the Plaintiff.

43.   It was only as a result of the intentional misconduct and/or incompetence of Defendants CITY OF MIAMI, GARY, BOONE,

11

ROBERSON, and Deputy Sheriffs Fantigrassi and Schlein that the Plaintiff was wrongfully arrested, indicted, convicted and incarcerated for twenty-two years.

44.    Notwithstanding Defendants CITY OF MIAMI, GARY, BOONE, and ROBERSON's responsibility to ensure that there was a valid legal basis to prosecute the Plaintiff JERRY FRANK TOWNSEND, they failed to reasonably inform themselves of the facts and failed to promptly withdraw the obviously flawed charges against the Plaintiff.

45.    The wrongful actions of the Defendants CITY OF MIAMI, GARY, BOONE, and ROBERSON constitute false arrest, false imprisonment, malicious prosecution, intentional infliction of emotional distress, and/or negligence, and unlawful search and seizure under the laws of the State of Florida.

46.    Throughout his highly publicized trial, Plaintiff was portrayed in the media as a serial rapist and murderer, and compared to mass murderer Ted Bundy.

### B.    "TWENTY-TWO YEARS OF HELL"

47.    On or about July 31, 1980, the Plaintiff was found guilty of the murders of Naomi Gamble and Barbara Brown, in Broward County, Florida.   He was found not guilty of the murder of Thelma Bell.

48.    On or about October 4, 1982, the Plaintiff pled guilty

12

to the Broward murders of Cathy Moore and Terry Cummings. The State filed a nolle prosequi with respect to the murder charge for Ernestine German.

49. On or about December 6, 1982, the Plaintiff entered a plea of guilty to the two Dade County homicides of Wanda Virga and Dorothy Gibson and one sexual battery of Pilbyian Beckford. At the time of said plea, the alleged victim Pilbyian Beckford was unavailable as a State witness.

50. The coerced false confessions were used not only to secure guilty verdicts against the Plaintiff, but also to induce him to plead guilty to the Miami homicides and rape, and were used to sentence him to two consecutive life sentences, in exchange for the prosecution waiving the death penalty.

51. As a result of being falsely charged and convicted, the Plaintiff was subjected to constant media publicity which caused him unwarranted embarrassment, humiliation and placed him in a life threatening situation during his twenty-two years of incarceration.

52. As a result of the intentional misconduct of Defendants GARY, CITY OF MIAMI, BOONE, and ROBERSON, and Deputy Sheriffs Fantigrassi and Schlein, the Plaintiff spent twenty-two years in prison. During his incarceration, the Plaintiff was in constant fear for his life. On numerous occasions he was placed in protective confinement due to death threats from other inmates.

13

53.   Throughout his incarceration, Plaintiff was classified as a maximum security and/or close custody prisoner requiring that any activity or movement by the Plaintiff could only be done while handcuffed and that activities outside of his cell be extremely limited.

54.   As a result of his convictions, Plaintiff was classified as a sex offender which resulted in limited visitations by family members and barred any visits by his young daughter.

55.   At various times throughout his incarceration, Plaintiff had to be placed in protective confinement which necessitated no visitation by family members and no movement from his cell due to death threats made by various inmates whose family members had been killed by Eddie Lee Mosley and for which the Plaintiff had been convicted.

56.   During 1998 to 1999, after reviewing crime scene evidence compared to the taped confession of the Plaintiff JERRY FRANK TOWNSEND, Detective John Curcio and other members of the Fort Lauderdale Police Department reopened three closed cases from 1979, i.e., Sonja Marion, Cathy Moore and Arnette Tukes.   At the time, the Plaintiff was under a life sentence for the murder of Ms. Moore.

57.   Detective Curcio requested that the Broward County Sheriff's Crime Laboratory examine certain DNA evidence from the

14

Sonja Marion crime scene.  On October 16, 2000, the Broward County Sheriff's Office Crime Lab matched DNA taken from sperm on Sonja Marion's shorts to that of Eddie Lee Mosley.  That DNA standard was also found to be a match to the DNA standard from the Shandra Whitehead murder, which had been investigated by an unnamed deputy sheriff under Broward County Sheriff Navarro and who, as a result of similar type of misconduct had wrongfully convicted Frank Lee Smith for said murder.

58.  Following these DNA results which clearly exonerated both the Plaintiff and Frank Lee Smith, Broward County Sheriff Jenne was left with no option except to agree to further DNA testing with respect to the other Broward County cases for which the Plaintiff had been charged and convicted.

59.  On or about April 30, 2001, May 2, 2001, and May 14, 2001, as a result of further DNA tests which matched victims to Eddie Lee Mosley and not the Plaintiff, the criminal courts in Broward County, Florida entered orders granting the State's motions to vacate the Plaintiff's conviction and sentence in Case No. 79-7211CF10A, the first degree murder charge of Terry Cummings, Case No. 79-7217CF10A, the first degree murder charge of Naomi Gamble, Case No. 79-7217CF10A, the first degree murder charge of Barbara Brown, and Case No. 79-7211CF10A, the first degree murder charge of Cathy Moore.  (Exhibits C, D, E, F).

15

60.  On or about June 15, 2001, as a result of the court actions in Broward County, Florida, and further investigation by Lt. George Cadavid and Detective Confesor Gonzalez from the City of Miami Police Department, the criminal court in Miami-Dade County vacated the Plaintiff's convictions for the two homicides and the rape in Dade County, Florida. (Exhibit G).

61.  On or about June 16, 2001, the Plaintiff was released from prison.

### C.  **RACKETEERING ACTIVITIES**

62.  Defendants GARY, ODIO, WARSHAW, each had the responsibility as a city manager for all City departments.  Said responsibility included, but was not limited to, the hiring and/or disciplining and/or discharging of all directors of the City departments and their subordinates.  As such, the police chief for the City of Miami Police Department serves under and at the pleasure of the City Manager of the Defendant CITY OF MIAMI.

63.  Defendants GARY, ODIO, WARSHAW, and other unnamed City Managers have failed to provide proper oversight of the City of Miami Police Department, failed to rein in and/or failed to follow the requirements of the United States Constitution and/or failed to stop Defendants BOONE, ROBERSON and all police officers of the City of Miami, who, as a continuous group, have caused false charges to be made against innocent persons, who

16

have authored false reports about innocent persons, who have lied on the witness stand to support false charges causing convictions on those charges, who have fabricated and tampered with evidence, who have covered up their own misconduct when they or other officers engaged in making false arrests, using excessive and/or deadly force, obstructing discovery of police criminal conduct, participating in a code of silence, and who have done so as to Plaintiff, thereby making Defendants liable to Plaintiff.

64.   In violation of 18 U.S.C. §1503, Obstruction of Justice, which constitutes conduct proscribed by 18 U.S.C. §1961, Defendants GARY, ODIO, WARSHAW, and other unnamed City Managers have interfered with the due administration of justice, improperly terminated felony investigations, secured indictments and verdicts based on false testimony and false evidence, withheld, concealed or destroyed evidence and records pertaining to the illegal conduct of their agents against Plaintiff and others, thereby causing additional and separate injuries to the business or property of Plaintiff and others.

65.   Defendants GARY, ODIO, WARSHAW, BOONE, ROBERSON, and Anthony Fantigrassi and Mark Schlein, then deputy sheriffs for the Broward County Sheriff's Office, conspired to commit and/or solicit another person to commit crimes chargeable by indictment or information as listed in various sections of

the United States Code listed in 18 U.S.C. §1961(1).

66. Defendants GARY, ODIO, WARSHAW, BOONE and ROBERSON had an interest in and/or acquired and/or maintained control over the City of Miami Police Department (hereinafter referred to as "the enterprise") through a pattern of racketeering activities, as set forth herein, in violation of 18 U.S.C. §1962(b).

67. Defendants GARY, ODIO, WARSHAW, BOONE and ROBERSON, being associated with said enterprise, conducted and/or participated in said enterprise's affairs through a pattern of racketeering activities, in violation of 18 U.S.C. §1962(c).

68. Defendants GARY, ODIO, WARSHAW, BOONE and ROBERSON, in violation of 18 U.S.C. §1962(d), conspired to violate subsections (b) and (c) of 18. U.S.C. §1962, in furtherance of the affairs of the enterprise.

69. Defendants GARY, ODIO and WARSHAW managed and conducted the affairs of the enterprise, aided and abetted the proscribed conduct of their employees, conspired to conceal and cover up such conduct and deliberately perpetuated the continuous pattern of racketeering activities and ongoing obstruction of justice, which directly caused injuries to multiple victims including Plaintiff, thus facilitating and furthering the affairs of the enterprise in violation of 18

18

U.S.C. §1962(d).

70. Defendants GARY, ODIO, WARSHAW, and other unnamed city managers, have joined in and participated in maintaining and continuing the pattern of criminal conduct of the enterprise from 1972 to the present day.

71. The wrongful actions of Defendants GARY, ODIO, WARSHAW, BOONE, ROBERSON, and Deputy Sheriffs Fantigrassi and Schlein constitute racketeering activities in violation of 18 U.S.C. §1962, et. seq.

72. Individually and in collaboration with deputy sheriffs Fantigrassi and Schlein, Defendants BOONE and ROBERSON, in violation of 18 U.S.C. §1503, Obstruction of Justice, fabricated evidence, concealed exculpatory evidence, tampered with witnesses, and coerced a false confession by intimidation and deception from the Plaintiff, who they knew was a mentally challenged person. As a direct result of these illegal actions by Defendants BOONE and ROBERSON, Plaintiff was maliciously prosecuted, and falsely imprisoned for twenty-two years for rape and rape/homicides in both Miami-Dade County and Broward County that he did not commit.

73. Defendants BOONE and ROBERSON conspired with Deputy Sheriffs Fantigrassi and Schlein to make and present a tape recorded document at the Plaintiff's criminal trial which they knew or, in reckless regard for the truth, should have

19

known to be false.

74.   From September 6, 1979 to September 8, 1979, Defendants BOONE and ROBERSON and the above named persons repeatedly took Plaintiff, a mentally retarded and highly suggestible person, to various murder locations and prompted Plaintiff with details of the locations and crimes and repeatedly corrected Plaintiff when he made statements inconsistent with the crimes, for the purpose of fabricating a tape recorded confession.

75.   From September 6, 1979 to September 8, 1979, Defendants BOONE and ROBERSON and the above named persons also showed Plaintiff photographs of crime scenes and had discussions with Plaintiff to organize the facts in Plaintiff's mind prior to taking his tape recorded statement.

76.   In or around July 1980, Defendants BOONE and ROBERSON and the above named persons presented said fabricated tape recorded document as evidence at a criminal trial which resulted in the wrongful imprisonment of Plaintiff for a period of twenty-two years.

77.   Defendants BOONE and ROBERSON conspired with Deputy Sheriffs Fantigrassi and Schlein to alter said tape recorded document with the purpose of impairing its truthfulness and to conceal and/or withhold other evidence that would have excluded the Plaintiff as a suspect.

78.   From September 6, 1979 to September 10, 1979, Defendants BOONE and ROBERSON and the above named persons, in the course of fabricating the evidence, repeatedly stopped the tape recording for the purpose of prompting Plaintiff while off the record with corrected details of the various crimes for which they were coercing his confession.

79.   From September 6, 1979 until the close of the Plaintiff's criminal trial on or about July 31, 1980, Defendants BOONE and ROBERSON and above named persons had access to numerous items of evidence, some of which they knew excluded Plaintiff as the perpetrator of said crimes for which his confession was coerced.

80.   From August 1979 onward, Defendants BOONE and ROBERSON and the above named persons had available detailed reports and evidence which disclosed the actual perpetrator of the heinous crimes for which they charged the Plaintiff. Defendants BOONE and ROBERSON and Deputy Sheriffs Fantigrassi and Schlein withheld said evidence with the purpose of preventing its availability in a criminal proceeding.

81.   From September 6, 1979, until the close of the criminal trial on or about July 31, 1980, Defendants BOONE and ROBERSON and the above named persons withheld said evidence from a criminal proceeding and failed to reasonably investigate other evidence that would have excluded Plaintiff as the perpetrator

21

of said crimes.

82.   From September 6, 1979 through July 31, 1980, Defendants BOONE and ROBERSON conspired with Deputy Sheriffs Fantigrassi and Schlein, as part of a common plan, to close all of their unsolved case files on a series of well publicized and possibly related murders by arranging to fabricate, tamper with and present documentary evidence in the form of tape recorded statements to implicate Plaintiff in a criminal trial for a capital felony when they knew there was no physical evidence to connect Plaintiff to the crimes and that there was other evidence which could exclude him from said crimes.

83.   Defendants GARY, ODIO, and WARSHAW engaged in or joined in the conspiracy to conceal the criminal conduct of their agents, including Defendants BOONE and ROBERSON, aided and abetted the concealment and furtherance of criminal conduct, failed to report the criminal conduct of Defendants BOONE and ROBERSON, and, in violation of 18 U.S.C. §1503, withheld, concealed or destroyed evidence and records pertaining to said illegal conduct against Plaintiff and others, obstructed a criminal investigation, evaded criminal and/or civil prosecution and liability, in furtherance of the racketeering conspiracy and enterprise.

84.   Despite knowledge received from two consent decrees, as well as studies such as the Booz, Alan, Hamilton Report

22

informing them that the Department failed to adequately address deficiencies in the training, supervision, and discipline of its officers and failed to promote and hire minorities in apportionment to the population in Miami-Dade County, Defendants GARY, ODIO and WARSHAW did nothing.

85.    As a result of the conduct of said Defendants, police officers within the Department engaged in conduct which included but was not limited to the following:

A.    The Plaintiff was improperly arrested, interrogated and charged by Defendants BOONE and ROBERSON.

B.    The primarily white police force engaged in misconduct during several riot situations from 1980 to 1995 which resulted in the deaths of a number of African Americans who posed no threat to the officers at the time of the shootings.   An example of such shootings is the death of the Reverend La Fontant Bien-Aime, a Haitian minister, who was shot by Miami Police Officer Robins while he was traveling from his church to pick up a parishioner.

86.    Despite knowledge of the above stated incidents and other incidents of misconduct, Defendants GARY, ODIO and WARSHAW chose to camouflage the deficiencies within the Department and exacerbated the problems by hiring 600 new officers, some with known criminal backgrounds, as well as those who were found to be mentally unfit, and who, then, were not properly trained

23

and/or supervised resulting in the "Miami River Cops" incident in which more than 100 police officers were arrested, convicted and/or disciplined for engaging in drug trafficking, racketeering and murder.

87. Instead of rectifying the problems within the City of Miami Police Department, Defendant ODIO chose to appease the public outcry for independent supervision of the Police Department by creating the Office of Professional Compliance which he knew was totally ineffectual, as said agency was not provided the necessary investigative and independent powers.

88. Throughout the tenure of Defendants GARY, ODIO and WARSHAW, there exists a pattern and practice of engaging in false arrests and imprisonment, false prosecution, excessive use of force, as evidenced by, but not limited to, incidents involving the Plaintiff, Raul and Maura Sosa, Gregory and Kathleen Langsett, Antonio Edwards, Raleigh Graham, Alton Exson, Clement Lloyd, Allan Blanchard, Joseph Lang Kershaw Jr., Richard and Janeka Brown and Daniel Hoban.

89. Throughout the tenure of Defendants GARY, ODIO, and WARSHAW, there existed a pattern and practice of covering up police misconduct by hiding investigations, by creating misleading and incomplete records of misconduct, by doing incompetent investigations into misconduct, and by having

24

investigations remain open indefinitely so that they would not be scrutinized by the public.

90.   Instead of fulfilling their responsibilities as city managers, Defendants GARY and ODIO were found by federal authorities to have abused their positions for personal gain, resulting in a federal conviction of Defendant ODIO and an agreement between Defendant GARY and the federal authorities to assist them by testifying against his former business colleagues.

91.   Instead of fulfilling his responsibility as city manager, Defendant WARSHAW was found by federal authorities to have abused his position for personal gain, resulting in a federal conviction.

92.   There exists a pattern by police officers of the City of Miami Police Department of obtaining coerced and false confessions, of covering up police misconduct by falsifying police records and/or fabricating evidence and/or falsely testifying to their superiors, courts, prosecutors and citizens concerning said misconduct, of withholding documentation concerning complaints of police misconduct from the appropriate agencies, of failing to document incidents of misconduct and/or of failing to investigate allegations of misconduct that include, but are not limited to, false arrests, excessive force and/or unlawful use of deadly force.

93.    Throughout the tenure of Defendants GARY, ODIO, WARSHAW, and other unnamed city managers, have engaged in or joined in the conspiracy to conceal the criminal conduct of their agents, aided and abetted the concealment and furtherance of the criminal conduct, failed to report the criminal conduct of their agents, obstructed justice, obstructed criminal investigations, evaded criminal and/or civil prosecution and liability, in furtherance of the racketeering conspiracy and enterprise.

D.    **DEFENDANT CITY OF MIAMI - PATTERN AND PRACTICE OF MISCONDUCT BY THE CITY OF MIAMI POLICE DEPARTMENT**

94.    At all times material hereto, the following persons held the office of City Manager for the CITY OF MIAMI:  M. L. Reese (1961-1973); Paul W. Andrews (1973-1976); Joseph R. Grassie (deceased) (1976-1980); Richard L. Fosmoen (1980-1981); Howard V. Gary (1981-1984); Randolph B. Rosencrantz (1984-1985); Sergio Pereira (1985); Cesar H. Odio (1985-1996); Merrett R. Stierheim (1996); Edward Marquez (1996-1997); Donald Warshaw (1997); Alberto Ruder (1997); Frank Rollason (1997-1998); Jose Garcia-Pedrosa (1998); Donald Warshaw (1998-2000); Carlos A. Gimenez (2000-2003); Joe Arriola (2003).

26

95.    Throughout the tenure of the above listed City
Managers, Defendant CITY OF MIAMI has engaged in a pattern and/or
practice of misconduct, corruption and cover up as evidenced by,
but not limited to, the following:

A.    The Booz, Alan, Hamilton Report of the early 1980s
found that despite prior studies, as well as, two consent
decrees, the City of Miami Police Department continued to be
deficient in the training, supervision and experience of its
police officers, particularly with respect to road patrol and
criminal investigations units such as robbery, burglary and
homicide.

B.    A federal investigation into the City of Miami
Police Department disclosed that the department failed to
appropriately train its officers in the use of force; that it
failed to properly report, document or investigate complaints of
misconduct by its officers, including but not limited to, the use
of excessive force, illegal search and seizure, and false
arrests. (Exhibit H).

C.    A federal criminal prosecution of 11 City of Miami
police officers determined that a pattern and practice existed of
conspiracies by certain officers of the City of Miami Police
Department to cover for each other and to "clean-up" or "cover-
up" problematic shootings involving false and misleading
testimony after the fact that was coordinated among the officers

27

and the planting of throw down guns.  (Exhibit I).

D.   Said Defendant, through its officers and agents, intentionally and incompetently selected, trained, supervised and/or disciplined officers under its supervision and control.

E.   Said Defendant, through its officers and agents, intentionally covered up the misconduct and/or incompetence by maintaining secret files of citizens' complaints and criminal information against officers, kept separate from Internal Affairs "official complaints".  These hidden files were marked with an "X", indicating there was to be no investigation into the alleged misconduct, which included, but is not limited to, theft by police officers of guns, money and other evidence, and excessive force, which instead was covered up.

F.   Said Defendant covered up police misconduct by hiding investigations, by creating misleading and incomplete records of misconduct, by doing incompetent investigations into misconduct and by having investigations remain open indefinitely so that they would not be scrutinized by the public.

G.   There existed at all times material hereto a de facto policy within the CITY OF MIAMI of covering up police misconduct by failing to properly investigate alleged misconduct, and/or by conducting investigations that were intentionally incompetent and/or by fabricating evidence to justify the

28

misconduct.   Said policy spans the tenure of all City Managers listed herein.

H.   Despite knowledge and acknowledgment of the misconduct within the Miami Police Department, Defendant CITY OF MIAMI has to date failed to properly correct the obvious deficiencies which caused the injuries to the Plaintiff and the above listed individuals, thereby allowing said misconduct to be repeated, and causing and allowing further injuries to be inflicted on unknowing and innocent citizens, by its officers and agents.

I.   Defendant CITY OF MIAMI has a long history of bribery, corruption and police misconduct resulting in numerous constitutional violations running the gamut of Fourth Amendment rights including false arrest and imprisonment, malicious prosecution, fabricating evidence, assault and battery, excessive force, murder, obstruction of justice, and the covering up of such misconduct, thereby perpetuating this misconduct.

J.   Said Defendant had a number of homicides which remained unsolved through the incompetent or negligent investigation by its police officers.   Since it has long been the custom or practice of Defendant City of Miami to tolerate, condone and cover up such constitutional violations by its police officers, which custom continues to this day, Defendants BOONE and ROBERSON knew they could falsely arrest and frame Plaintiff

29

JERRY TOWNSEND with coerced and fabricated tape recordings of false confessions, concealed exculpatory evidence without fear of disciplinary action.

      K.  Said Defendant knew or should have known that their officers would benefit in the form of promotions, merits, public applause, and expansion of the Miami Police Department by the prosecution of the Plaintiff and apparent solution to said crimes.

96.  At no time during the events described herein had the Plaintiff committed any of the cited criminal offenses for which he was charged.

97.  Defendant CITY OF MIAMI's failure to properly train and/or supervise and/or discipline officers of the Miami Police Department was the proximate cause of the deprivation of rights suffered by the Plaintiff JERRY FRANK TOWNSEND.

98.  Defendant CITY OF MIAMI had a duty to train, supervise, control or otherwise ensure that Defendants BOONE, ROBERSON, and other unnamed police officers, did not violate the constitutional rights of persons such as the Plaintiff.

99.  Defendant CITY OF MIAMI abdicated its policymaking and oversight responsibilities, thereby making the incident involving the Plaintiff foreseeable.

100.  The above acts and omissions of Defendants, and each of them, constitute a course of conduct and failure to act

amounting to deliberate indifference to the rights, health, safety and welfare of the Plaintiff and those similarly situated, resulting in the deprivation of the Plaintiff's constitutional rights under state and federal law.

101.   The applicable statutes of limitation are tolled because the Defendants CITY OF MIAMI, BOONE, ROBERSON, GARY, ODIO, and WARSHAW and Deputy Sheriffs Fantigrassi and Schlein fraudulently concealed their misconduct.   As a result of said Defendants' misconduct, Plaintiff was unable to discover the wrongfulness of said misconduct until independent DNA testing requested by the City of Fort Lauderdale Police Department exonerated the Plaintiff of all charges brought against him by Defendants CITY OF MIAMI, BOONE, ROBERSON and Deputy Sheriffs Fantigrassi and Schlein.

102.   Pursuant to federal law, the applicable statute of limitations for a civil rights claim does not begin to run until April 30, 2001, May 2, 2001, May 14, 2001 and June 15, 2001, the dates when all criminal charges against the Plaintiff were dismissed by the criminal courts.   (Exhibits C, D, E, F, G).

103.   Plaintiff suffered irreparable damages and personal injury in the deprivation of his Fourth, Fifth, Sixth and Fourteenth Amendment rights, having been wrongfully tried for a capital felony and having been wrongfully incarcerated for a period of twenty two years as a foreseeable result of the

continuing pattern and practice of illegal activities as set forth herein.

104.  Plaintiff was also injured in his business and property in the form of lost employment, employment opportunities, wages and other compensation, as well as actual physical harm, as a direct result of this continuing pattern and practice of illegal activities as set forth herein.

105.  As a direct and proximate result of the acts of Defendants CITY OF MIAMI and/or BOONE and/or ROBERSON and/or GARY and/or ODIO and/or WARSHAW and/or Deputy Sheriff Fantigrassi and/or Deputy Sheriff Schlein, the Plaintiff JERRY FRANK TOWNSEND suffered the following injuries and damages:

      a.  Violation of his constitutional rights under the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution;

      b.  Loss of his physical liberty;

      c.  Verbal and physical death threats during his twenty-two years of incarceration;

      d.  Loss of earning capacity;

      e.  Permanent physical and emotional injuries, humiliation and embarrassment and damage to his reputation, all of which continue to this day and are likely to continue into the future, and which require the expenditure of money for treatment.

106.   The actions of the Defendants violated the clearly established and well settled federal constitutional right of the Plaintiff to be free from unreasonable seizure of his person.

## COUNT I
## 42 U.S.C. §1983 CLAIM AGAINST DEFENDANT BOONE

107.   The Plaintiff JERRY FRANK TOWNSEND realleges paragraphs 1 through 61, 65 through 68, 71 through 82, 95(J)-(K), 96, and 100 through 106.

108.   While Defendant BOONE was acting under color of state and federal law as a police officer for the CITY OF MIAMI, he subjected the Plaintiff to the deprivation of rights and privileges secured to him under the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution.

109.   The actions and conduct of Defendant BOONE violated the rights of the Plaintiff to due process of law under the Fifth Amendment, to a fair trial under the Sixth Amendment, and to be free from unreasonable detention, search and seizure under the Fourth Amendment to the United States Constitution.

110.   Defendant BOONE caused the Plaintiff to be illegally detained, illegally prosecuted, and illegally imprisoned in violation of his constitutional rights under the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution.

33

111.   Defendant BOONE caused the prosecution to be continued against the Plaintiff when he knew or should have known that said prosecution was without probable cause.  The matters known to him at the time he continued the prosecution would not have warranted a reasonable law enforcement officer to believe the Plaintiff had committed the alleged crimes.

112.   Defendant BOONE instituted and continued the interrogation of the Plaintiff when he knew or should have known that the Plaintiff did not understand his constitutional rights and/or that his coercive and illegal interrogation tactics would induce the Plaintiff to make false statements.  No prosecution would have occurred but for the actions of this Defendant.

113.   Defendant BOONE acted under color of state law and with malice in instituting and continuing the prosecution which is implied by lack of probable cause in the underlying arrest. Said prosecution was only able to continue as a result of his intentional acts of providing false information and evidence to the criminal courts, prosecutors, Plaintiff's criminal defense counsel, and the public, knowing or recklessly disregarding the rights of the Plaintiff.

114.   As a direct and proximate result of the Defendant BOONE's acts as related above, Plaintiff has suffered and continues to suffer great pain of mind and body, shock, emotional distress, physical manifestations of emotional distress,

34

embarrassment, loss of self-esteem, disgrace, humiliation, and loss of enjoyment of life, was prevented and will continue to be prevented from performing his daily activities and obtaining the full enjoyment of life, has sustained loss of earnings and earning capacity, and has incurred and will continue to incur expenses for medical, emotional, and mental health treatment.

115.   42 U.S.C. §1983 provides a remedy for violation of these rights.

**WHEREFORE**, the Plaintiff JERRY FRANK TOWNSEND, demands compensatory and punitive damages against Defendants BOONE and ROBERSON, attorney fees, costs and trial by jury for all issues so triable by right.

## COUNT II
## 42 U.S.C. §1983 CLAIM AGAINST DEFENDANT ROBERSON

116.   The Plaintiff JERRY FRANK TOWNSEND realleges paragraphs 1 through 61, 65 through 68, 71 through 82, 95(J)-(K), 96, and 100 through 106.

117.   While Defendant ROBERSON was acting under color of state and federal law as a police officer for the CITY OF MIAMI, he subjected the Plaintiff to the deprivation of rights and privileges secured to him under the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution.

35

118.   The actions and conduct of Defendant ROBERSON violated the rights of the Plaintiff to due process of law under the Fifth Amendment, to a fair trial under the Sixth Amendment, and to be free from unreasonable detention, search and seizure under the Fourth Amendment to the United States Constitution.

119.   Defendant ROBERSON caused the Plaintiff to be illegally detained, illegally prosecuted, and illegally imprisoned in violation of his constitutional rights under the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution.

120.   Defendant ROBERSON caused the prosecution to be continued against the Plaintiff when he knew or should have known that said prosecution was without probable cause.  The matters known to him at the time he continued the prosecution would not have warranted a reasonable law enforcement officer to believe the Plaintiff had committed the alleged crimes.

121.   Defendant ROBERSON instituted and continued the interrogation of the Plaintiff when he knew or should have known that the Plaintiff did not understand his constitutional rights and/or that his coercive and illegal interrogation tactics would induce the Plaintiff to make false statements.  No prosecution would have occurred but for the actions of this Defendant.

122.   Defendant ROBERSON acted under color of state law and with malice in instituting and continuing the prosecution which is implied by lack of probable cause in the underlying arrest.   Said prosecution was only able to continue as a result of his intentional acts of providing false information and evidence to the criminal courts, prosecutors, Plaintiff's criminal defense counsel, and the public, knowing or recklessly disregarding the rights of the Plaintiff.

123.   As a direct and proximate result of the Defendant ROBERSON's acts as related above, Plaintiff has suffered and continues to suffer great pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, humiliation, and loss of enjoyment of life, was prevented and will continue to be prevented from performing his daily activities and obtaining the full enjoyment of life, has sustained loss of earnings and earning capacity, and has incurred and will continue to incur expenses for medical, emotional, and mental health treatment.

124.   42 U.S.C. §1983 provides a remedy for violation of these rights.


**WHEREFORE,** the Plaintiff JERRY FRANK TOWNSEND, demands compensatory and punitive damages against Defendants BOONE and

ROBERSON, attorney fees, costs and trial by jury for all issues so triable by right.

### COUNT III
### CONSPIRACY CLAIM AGAINST DEFENDANTS BOONE AND ROBERSON TO VIOLATE PLAINTIFF'S CONSTITUTIONAL RIGHTS

125.    The Plaintiff JERRY FRANK TOWNSEND realleges paragraphs 1 through 61, 65 through 68, 71 through 82, 95(J)-(K), 96, and 100 through 106.

126.    In addition to the acts alleged above, Defendants BOONE and ROBERSON conspired together and with other unnamed police officers under the control and supervision of Defendant CITY OF MIAMI, as well as Deputy Sheriffs Fantigrassi and Schlein of the Broward Sheriff's Office, for the purpose of depriving the Plaintiff of equal protection under the law, due process of law, the right to privacy, the right to be free from unlawful search and seizure, freedom of association, and the right to seek redress for his injuries by covering up the misconduct.

127.    The above stated actions by the Defendants were overt actions in furtherance of the conspiracy to deprive the Plaintiff of his constitutional rights.

128.    Each of the Defendants understood, accepted, and either explicitly or implicitly agreed that his overt actions

38

would result in the deprivation of the Plaintiff's rights as alleged herein.

129.   At all material times, Defendants BOONE and ROBERSON acted voluntarily in committing the actions which resulted in the deprivation of the Plaintiff's rights.

130.   As a direct and proximate result of the Defendants BOONE and ROBERSON's acts as related above, Plaintiff has suffered and continues to suffer great pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, humiliation, and loss of enjoyment of life, was prevented and will continue to be prevented from performing his daily activities and obtaining the full enjoyment of life, has sustained loss of earnings and earning capacity, and has incurred and will continue to incur expenses for medical, emotional, and mental health treatment.

131.   42 U.S.C. §1983 provides a remedy for violation of these rights.

**WHEREFORE**, the Plaintiff JERRY FRANK TOWNSEND, demands compensatory and punitive damages against Defendants BOONE and ROBERSON, attorney fees, costs and trial by jury for all issues so triable by right.

**COUNT IV**
**42 U.S.C. §1983 CLAIM AGAINST DEFENDANT CITY OF MIAMI**

132.   The Plaintiff JERRY FRANK TOWNSEND realleges paragraphs 1 through 106.

133.   At all times material hereto, Defendant CITY OF MIAMI, through its officers and agents, was charged with the responsibility of hiring, screening, training, supervising, disciplining and controlling officers of the City of Miami Police Department.

134.   At all times material hereto, Defendant CITY OF MIAMI, through its officers and agents, was deliberately indifferent in that the department either expressly or impliedly acknowledged and assented to the failure to train and/or supervise and/or control and/or otherwise screen employees of the Miami Police Department including, but not limited to, Defendants BOONE and/or ROBERSON for dangerous propensities, lack of training and/or skill or other characteristics making said officers unfit to perform their duties.

135.   At all times material hereto, Defendant CITY OF MIAMI, through its officers and agents, was deliberately indifferent to the rights of the public, including the Plaintiff, in that it failed to determine whether members of the City of Miami Police Department, including Defendants BOONE and/or

40

ROBERSON, posed a threat to the public as a result of their propensity to commit unlawful acts.

136.   At all times material hereto, Defendant CITY OF MIAMI, through its deliberate indifference, failed to ensure that the police officers of the City of Miami Police Department did not violate the constitutional and statutory rights of citizens of the State of Florida, including the Plaintiff, while said officers were acting under color of state law for the City of Miami Police Department.

137.   At all times material hereto, Defendant CITY OF MIAMI permitted and tolerated the above described acts and thereby caused a pattern and practice of officers who have fabricated and tampered with evidence, who have covered their own misconduct when they or other officers engaged in making false arrests, using excessive and/or deadly force by officers of the City of Miami Police Department against members of the public, of unjustified, unreasonable and illegal false arrests, detentions, including Plaintiff, which violated their Fourth, Fifth, Sixth and Fourteenth Amendment rights.  Although such acts were improper, the police officers involved were not prosecuted, and/or disciplined and/or subjected to retraining, and some of said incidents were, in fact, covered up with official claims that their acts were justified and proper.  As a result, Miami Police Department officers, including Defendants BOONE and

41

ROBERSON, were encouraged to believe that members of the public could be subjected to illegal arrests, detentions and/or prosecutions, and that said illegal arrests, detentions and/or prosecutions would be permitted by Defendant CITY OF MIAMI.

138.   The City of Miami Police Department, through its officers, maintained a custom of making unlawful arrests, detentions and/or prosecutions and covering up misconduct by fabricating evidence and testimony.

139.   The cited conduct represents a pattern in which citizens were injured or endangered by the intentional and/or reckless misconduct by the officers of the City of Miami Police Department and/or that serious incompetence or misbehavior was widespread throughout the City of Miami Police Department.

140.   Defendant CITY OF MIAMI has maintained a system of review of incidents of abuse of lawful authority such as illegal and unlawful detentions and/or arrests and/or prosecutions, among other things, by officers, and complaints thereof, which has failed to identify the unlawful seizures by officers, and has failed to subject officers who employed such acts to appropriate discipline, and/or closer supervision and/or retraining, to the extent that it has become the de facto policy and custom of the Miami Police Department to tolerate such acts by its officers.

141.   Defendant CITY OF MIAMI, through its officers or agents, has maintained a long-standing, widespread history of

failure to properly hire and/or train and/or supervise and/or discipline its officers for, among other things, unlawful detentions and/or arrests and/or prosecutions, even though they had notice of such unlawful conduct by employees.

142.   The foregoing acts, omissions, policies or customs of Defendant CITY OF MIAMI caused officers, including Defendants BOONE and ROBERSON, to believe that acts such as unlawful seizures and/or detentions, and/or arrests and/or prosecutions, among other things, would not be properly investigated, with the foreseeable result that officers, including Defendants BOONE and ROBERSON, were more likely to make unlawful seizures and/or detentions and/or arrests and/or prosecutions.

143.   The Plaintiff JERRY FRANK TOWNSEND has been a victim of said abuses of lawful authority, and said illegal acts were the foreseeable result of the previously described acts, omissions, policies or customs of said Defendants.

144:   As a direct and proximate cause of the acts described above, the Plaintiff JERRY FRANK TOWNSEND has suffered and continues to suffer great pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, humiliation, and loss of enjoyment of life, was prevented and will continue to be prevented from performing his daily activities and obtaining the full enjoyment of life, has

43

sustained loss of earnings and earning capacity, and has incurred and will continue to incur expenses for medical, emotional, and mental health treatment.

145.   42 U.S.C. §1983 provides a remedy for violation of these rights.

**WHEREFORE**, the Plaintiff JERRY FRANK TOWNSEND demands compensatory damages against Defendant CITY OF MIAMI, attorney fees, costs and trial by jury for all issues so triable by right.

### COUNT V
### RICO - VIOLATION OF 18 U.S.C. §1962(d) CLAIM AGAINST DEFENDANTS GARY, ODIO, WARSHAW, BOONE AND ROBERSON

146.   The Plaintiff JERRY FRANK TOWNSEND, as to Defendants BOONE and ROBERSON, realleges paragraphs 1 through 61, 65 through 68, 71 through 82, 95(J)-(K), 96, and 100 through 106; as to Defendant GARY: realleges paragraphs 1 through 86, 88 through 90, 92 through 106; as to Defendant ODIO: realleges paragraphs 1 through 90, 92 through 106; and as to Defendant WARSHAW: realleges paragraphs 1 through 89, 91-106.

147.   Defendants GARY, ODIO, WARSHAW, BOONE, and ROBERSON, and Deputy Sheriffs Fantigrassi and Schlein are persons under 18 U.S.C. §1961(3).

148.    The relationship between Defendants BOONE, ROBERSON, GARY, ODIO, WARSHAW, and Deputy Sheriffs Fantigrassi and Schlein constitutes an enterprise under 18 U.S.C. §1961(4).

149.    The relationship between Defendants BOONE, ROBERSON, GARY, ODIO, WARSHAW and Deputy Sheriffs Fantigrassi and Schlein, constitutes an association-in-fact enterprise under 18 U.S.C. §1961(4) and the above named persons have engaged in a pattern of conspiracy and racketeering activities in violation of 18 U.S.C. §1962, et. seq.

150.    In violation of 18 U.S.C. §1962 (d), Defendants BOONE and ROBERSON conspired with Deputy Sheriffs Fantigrassi and Schlein in an agreement, the objective of which was in substantive violation of RICO, with an awareness of the essential nature and scope of the enterprise and with an intent to participate in it.

151.    Defendants BOONE and ROBERSON and the above named persons agreed to enter into a conspiracy to violate the provision of 18 U.S.C. §1962(c) as described herein.  As evidence of this agreement, Defendants and the above named persons conspired to fabricate and tamper with evidence and make false statements under oath in furtherance of this conspiracy and tamper with witnesses for the purpose of corruptly influencing the due administration of justice.

152.    In furtherance of this conspiracy to fabricate and

45

tamper with evidence, Defendants BOONE and ROBERSON conspired with Deputy Sheriffs Fantigrassi and Schlein to make false statements under oath which caused the indictments to be entered on September 26, 1979 in Broward County and on September 19, 1979 and September 27, 1979 in Dade County, Florida.  Predicate acts 1(a) through (e), in violation of 18 U.S.C. §1503 relating to the obstruction of justice.

a)  Defendants BOONE and ROBERSON and the above named persons knew that Plaintiff was mentally retarded and therefore not intellectually capable of understanding his Miranda rights or the consequences of abandoning such rights, yet they falsely testified under oath in the prosecution of a capital felony that they did not know Plaintiff was retarded.  These false statements were part of a plan to ensure that the Plaintiff's tape recorded statement, in the form of a coerced false confession, and the only evidence against him, would be admissible in court.

b)  Defendants BOONE and ROBERSON and the above named persons further falsely testified that Plaintiff had made a free and deliberate choice to waive his rights and make said statement, when in fact they knew that said confession was coerced by intimidation and deception and therefore inadmissible.

c)  From September 5 to September 10, 1979, for long periods in duration, Defendants BOONE and ROBERSON and the above

46

named persons repeatedly interrogated Plaintiff and took him to various crime scenes while further interrogating him, mentally and physically wearing Plaintiff down to the point he was crying and vomiting.

d) From July 11 to July 21, 1980, Defendants BOONE and ROBERSON and the above named persons further gave false testimony as to alleged material facts and statements allegedly made by Plaintiff not on the tape recorded statement and/or not included in any report made at the time of the arrest and interrogation.

e) From July 11 to July 21, 1980, Defendants BOONE and ROBERSON and the above named persons conspired to continue to make false statements under oath when they knew or should have known that Plaintiff was not the perpetrator of the crimes for which he was charged.

153.   Defendants GARY, ODIO, WARSHAW conspired to violate provisions of 18 U.S.C. §1962 et seq. by interfering with the due administration of justice, improperly terminating felony investigations, securing indictments and verdicts based on false testimony and false evidence, withholding, concealing or destroying evidence and records pertaining to the illegal conduct of their agents against Plaintiff and others, thereby causing additional and separate injuries to the business or property of Plaintiff and others, in violation of 18 U.S.C. §1962(c).

47

154.    Defendants GARY, ODIO, WARSHAW conspired to violate provisions of 18 U.S.C. §1962 et seq. by aiding and abetting the proscribed conduct of their employees, conspired to conceal and cover up such conduct and deliberately perpetuated the continuous pattern of racketeering activities and ongoing obstruction of justice, which directly caused injuries to multiple victims including Plaintiff, thus facilitating and furthering the affairs of the enterprise in violation of 18 U.S.C. §1962(d).

155.    Defendants GARY, BOONE, ROBERSON and Deputy Sheriffs Fantigrassi and Schlein, in concert with each other and with the intent to conceal and defraud, conspired and came to a meeting of the minds whereby they would conceal the wrongdoing of Defendants BOONE, ROBERSON, and Deputy Sheriffs Fantigrassi and Schlein's conduct against Plaintiff.

156.    As detailed more fully herein, Defendants GARY, ODIO, and WARSHAW, for the purpose of financial gain and expansion of the City of Miami Police Department, have engaged in a conspiracy to further and facilitate the affairs of the enterprise conducted through a pattern of racketeering activity, of which the Plaintiff is but one victim, which have a common theme with similar purposes, results, and/or methods of commission, the continuity of which is evidenced herein and threatens to continue into the future.

48

157.   Defendants GARY, ODIO, and WARSHAW, have joined in and participated in maintaining and continuing the pattern of criminal conduct of the enterprise from 1972 to the present day.

158.   Plaintiff suffered irreparable damages and personal injury in the deprivation of his Fourth, Fifth, Sixth and Fourteenth Amendment rights, having been wrongfully tried for a capital felony and having been wrongfully incarcerated for a period of twenty-two years as a direct result of the continuing pattern and practice of illegal activities as listed above.

159.   Plaintiff was injured in his business and property in the form of lost employment, employment opportunities, wages and other compensation, as well as actual physical harm, as a direct result of the predicate acts involved in this continuing pattern and practice of illegal activities as listed above and by reason of the above violation of 18 U.S.C. §1962(d).

**WHEREFORE,** the Plaintiff JERRY FRANK TOWNSEND demands judgment against Defendants individually, jointly and severally, in an amount that is adjudged as fair and reasonable, treble damages, plus costs, disbursements, reasonable attorney's fees, interest, and whatever other relief the Court deems just and equitable.

## COUNT VI
## RICO - VIOLATION OF 18 U.S.C. §1962(b) CLAIM AGAINST DEFENDANTS GARY, BOONE, AND ROBERSON

160.   The Plaintiff JERRY FRANK TOWNSEND, as to Defendants BOONE and ROBERSON, realleges 1 through 61, 65 through 68, 71 through 82, 95(J)-(K), 96, and 100 through 106; and, as to Defendant GARY: realleges paragraphs 1 through 86, 88 through 90, and 92 through 106.

161.   In violation of 18 U.S.C. §1962(b), Defendants GARY, BOONE, and ROBERSON conspired with Deputy Sheriffs Fantigrassi and Schlein to maintain control of an enterprise through a pattern of racketeering activity, the activities of which enterprise affect interstate commerce.

162.   Predicate acts 2 (a) through (b), in violation of 18 U.S.C. §1503 relating to the obstruction of justice from September 6, 1979 through the end of trial on or about July 31, 1980, Defendants BOONE and ROBERSON conspired with Deputy Sheriffs Fantigrassi and Schlein, utilizing the state and interstate telephone system in furtherance of a continuing pattern and practice of racketeering activities with the purpose of defrauding Plaintiff of his constitutional rights and to defraud the legal system.

a)   Defendants BOONE and ROBERSON and the above named persons, in furtherance of their conspiracy to fabricate

evidence in the form of a tape recorded statement, utilized the telephone system to aid and abet each other to acquire and maintain control of the association-in-fact enterprise with the common plan of fabricating and tampering with evidence, withholding or concealing other evidence and aligning their false testimony to support said fabricated evidence.

b) Defendants BOONE and ROBERSON also utilized the interstate telephone system in furtherance of said conspiracy.

163. Predicate acts 3 (a) through (c), in violation of 18 U.S.C. §1503 relating to the obstruction of justice, from September 6, 1979 through the end of trial on or about July 31, 1980, Defendants BOONE and ROBERSON conspired with Deputy Sheriffs Fantigrassi and Schlein, to corruptly influence, obstruct, and impede the due administration of justice.

a) From September 6, 1979 to September 10, 1979, Defendants BOONE and ROBERSON conspired with each other and/or the above named persons to fabricate, tamper with and conceal evidence as detailed herein for the purpose of corruptly influencing the due administration of justice.

b) From July 11 to July 29, 1980, in furtherance of this conspiracy to fabricate and tamper with evidence, Defendants BOONE and ROBERSON conspired with each other and/or the above named persons to make false statements under oath in an official proceeding relating to the prosecution of a capital felony, as

51

detailed herein, for the purpose of corruptly influencing the due administration of justice.

c) Defendant GARY engaged in or joined in the conspiracy to conceal the criminal conduct of its agents, Defendants BOONE and ROBERSON, aided and abetted the concealment of criminal conduct, aided and abetted the furtherance of the criminal conduct, failed to report the criminal conduct of Defendants BOONE and ROBERSON, obstructed justice, obstructed a criminal investigation, in violation of 18 U.S.C. §1503, evaded criminal and/or civil prosecution and liability, in furtherance of the racketeering conspiracy and enterprise.

164.  Plaintiff was injured in his business and property in the form of lost employment, employment opportunities, wages and other compensation, as well as actual physical harm, as a direct result of the predicate acts involved in this continuing pattern and practice of illegal activities as listed above and by reason of the above violation of 18 U.S.C. §1962(b).

**WHEREFORE**, the Plaintiff JERRY FRANK TOWNSEND demands judgment against Defendants, individually, jointly and severally, in an amount that is adjudged as fair and reasonable, treble damages, plus costs, disbursements, reasonable attorney's fees, interest, and whatever other relief the Court deems just and equitable.

52

## COUNT VII
## RICO - VIOLATION OF 18 U.S.C. §1962 (c)
## CLAIM AGAINST DEFENDANTS GARY, ODIO,
## WARSHAW, BOONE, AND ROBERSON

165.   The Plaintiff JERRY FRANK TOWNSEND, as to Defendants BOONE and ROBERSON: realleges paragraphs 1 through 61, 65 through 68, 71 through 82, 95(J)-(K), 96, and 100 through 106; as to Defendant GARY: realleges paragraphs 1 through 86, 88 through 90, 92 through 106; as to Defendant ODIO: realleges paragraphs 1 through 90, 92 through 106; and as to Defendant WARSHAW: realleges paragraphs 1 through 89, 91-106.

166.   The relationship between Defendants BOONE and ROBERSON, and Deputy Sheriffs Anthony Fantigrassi and Mark Schlein, of the Broward Sheriff's Office, constitutes an association-in-fact enterprise under 18 U.S.C. §1961(4) and the above named persons have engaged in a pattern of conspiracy and racketeering activities in violation of 18 U.S.C. §1962, et. seq.

167.   In violation of 18 U.S.C. §1962 (c), Defendants BOONE and ROBERSON conspired with Deputy Sheriffs Fantigrassi and Schlein to participate in the affairs of an enterprise through a pattern of racketeering activity and predicate acts as herein described.  The persons named above aided and abetted each other, conducted and participated directly or indirectly in the conduct and affairs of the enterprise and/or associated themselves with the enterprise through a pattern of racketeering activity by the

53

predicate acts listed herein.  Those specific acts included racketeering and conspiracy, and were of an ongoing nature continuing into the future.

168.  Defendant GARY was part of the conspiracy and the enterprise at all times material herein.

169.  Defendants GARY, BOONE, ROBERSON and Deputy Sheriffs Fantigrassi and Schlein, in concert with each other and with the intent to conceal and defraud, conspired and came to a meeting of the minds whereby they would conceal the wrongdoing of Defendants BOONE, ROBERSON, and Deputy Sheriffs Fantigrassi and Schlein's conduct against Plaintiff.

170.  As detailed more fully herein, in violation of 18 U.S.C. §1962 (c) Defendants GARY, ODIO and WARSHAW for the purpose of financial gain and expansion of the City of Miami Police Department, have committed various proscribed acts of obstruction of justice and engaged in a pattern of racketeering activity, of which the Plaintiff is but one victim, which have a common theme with similar purposes, results, and/or methods of commission, the continuity of which is evidenced herein and threatens to continue into the future.

171.  Defendants GARY, ODIO, and WARSHAW have joined in and participated in maintaining and continuing the pattern of criminal conduct of the enterprise from 1972 to the present day.

172.   Plaintiff was injured in his business and property in the form of lost employment, employment opportunities, wages and other compensation, as well as actual physical harm, as a direct result of the predicate acts involved in this continuing pattern and practice of illegal activities as listed above and by reason of the above violation of 18 U.S.C. §1962(c).

**WHEREFORE,** the Plaintiff JERRY FRANK TOWNSEND demands judgment against Defendants, individually, jointly and severally, in an amount that is adjudged as fair and reasonable, treble damages, plus costs, disbursements, reasonable attorney's fees, interest, and whatever other relief the Court deems just and equitable.

HEYER & ASSOCIATES, P.A.
Attorneys for Plaintiff
1311 SE 4th Avenue
Fort Lauderdale, FL  33316
(954) 522-4922/(561) 833-1068
FAX NO: (954) 522-4955


BY: _____
        BARBARA A. HEYER
        BAR NO: 346691

55